# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BRYAN KEITH RICHARD** | § | |
| | § | |
| **v.** | § | **A-11-CA-678 SS** |
| | § | |
| **CLAUDE MAYE** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Bryan Richard's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1); Petitioner's Memorandum of Law in Support of Petition (Clerk's Doc. No. 2); Respondent's Response to Petition for Writ of Habeas Corpus (Clerk's Doc. No. 8). The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.    Background

The petitioner, Byran Richard, is incarcerated at the Federal Correctional Institute in Bastrop, Texas serving a 168-month sentence for conspiracy to possess with intent to distribute methamphetamine. Richard was arrested by state authorities on March 18, 2006. On March 20, 2006, a federal complaint was filed arising out of the events of that arrest, and on March 21, 2006, Richards was transferred to federal custody on a writ of habeas corpus ad prosequendum. When he was arrested, Richard was on probation in Louisiana, and Louisiana authorities charged Richard with violating his probation. On March 5, 2007, while he was still in federal custody, Richards was found

to have violated his probation, and was sentenced to a three year state sentence to run concurrent with any federal sentence that might be imposed in the federal case still pending against him. Finally, on October 9, 2007, Richards was sentenced by the federal judge to the 168-month sentence. The judgment was silent regarding whether it was to run concurrent with, or consecutive to, the state sentence, and thus Richard was returned to state custody following sentencing. On November 7, 2007, however, the federal court amended the judgment to state that the sentence was to run concurrent with the state sentence. The BOP therefore designated the state institution as the location for Richards to serve his sentence, ensuring that the time he spent in state custody would be credited against the federal sentence. At some point thereafter (the record does not reflect the precise date), Richards was transferred to federal custody, and is now confined at F.C.I. Bastrop.

When calculating Richard's federal release date, the Bureau of Prisons (BOP) determined that his sentence commenced on October 9, 2007, the date he was sentenced in federal court. The BOP then calculated Richard's pre-sentence custody credit under 18 U.S.C. § 3585(b) and gave him credit from the date of his arrest ( March 18, 2006), through the date he was sentenced by the state authorities for his probation violation (March 5, 2007). It did not credit him for the time he spent incarcerated from March 5, 2007, through October 8, 2007, based on its interpretation of *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), which determines pre-sentence custody credit when an inmate is serving state and federal sentences concurrently. Under the BOP's interpretation, *Willis* halts pre-sentence custody once the first sentence, either federal or state, commences. And the BOP determined that Richard's Louisiana sentence commenced on March 7, 2007, so it concluded that it could not award Richard with pre-sentence custody credit after that date.

Richard brings his habeas claim under 28 U.S.C. § 2241, arguing that he should receive credit against his federal sentence for the time he spent in custody from March 7, 2007, through October 9, 2007.[1] The government opposes his motion, claiming that Louisiana credited that time against his state sentence, and that *Willis* precludes the relief he seeks.

## II. Legal Standard

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the district in which the prisoner is incarcerated. *Id*.

After a district court has sentenced a federal offender, the BOP has the responsibility for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 331–32, 334 (1992). Thus, the BOP is responsible for calculating a prisoner's sentence and for determining what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences. *Id.*; *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A defendant is given credit toward his term of imprisonment for any time he has spent in official detention prior to the commencement of the sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

---

[1]The actual dates change slightly in the petition. It appears that when Richard pursued his administrative remedies, he sought credit for March 5, 2007, through October 8, 2007. In his habeas petition, however, he seeks credit for March 7, 2007, through October 9, 2007.

**III.    Analysis**

The period of time for which Richard seeks credit against his federal sentence (from March 7, 2007, to October 9, 2007) has already been credited against his state sentence.  *See* Declaration of Andrew Roush, Attachment 3.  The last page of that document is titled "Time Computation and Jail Credit," and sets forth the State of Louisiana's calculation of time credits toward Richard's state sentence.  It reflects that Richard was given 354 days of credit toward that sentence, for the period from March 20, 2006, to March 6, 2007.  Section 3585(b) clearly and unambiguously prohibits the BOP from giving a federal prisoner credit toward his federal sentence for time that has already been credited toward another sentence.  By enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.  Because Richard has already received credit toward his state sentence for the time in question, he is not entitled to receive credit again toward his federal sentence under § 3585(b).[2]

In its argument, the government frequently references a Fifth Circuit case, *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) (per curiam), which it says explains why it calculated Richard's sentence properly.  In *Willis*, the Fifth Circuit considered how to determine pre-sentence custody credit where unrelated state and federal sentences were ordered by the State to run concurrently, and the defendant sought federal credit for time spent in state custody before he was transferred to federal prison.  *See id.* at 925.  In *Willis*, the defendant was arrested on a federal charge first and, while out

---

[2]*See also Leal*, 341 F.3d at 430 (holding that BOP was not required to credit the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence because that time was already credited against state sentence); *United States v. Moore,* No. 00-40602, 2001 WL 1692476 at *4 (5th Cir. 2001) (finding that defendant was not entitled to credit against his federal sentence for time spent in state custody because the time had already been credited against his state sentence).

4

on bail, was arrested on an unrelated state charge and taken into state custody. *Id.* He remained in state custody through, first, his federal sentencing and, then, his state sentencing. *Id.* His state sentence was ordered to run concurrently with his federal sentence. *Id.* He remained in state custody for approximately three weeks after his state sentence was imposed, and then was transferred to federal custody to finish both sentences. *Id.* He sought federal credit for all of the time he spent in state custody. *Id.* The Fifth Circuit decided that the defendant was not entitled to federal credit for the time actually spent serving his unrelated state sentence after his state sentence was imposed, but remanded for an evidentiary hearing for the district court to determine whether he was entitled to credit for any other pre-federal-custody time. The court's concern was that the defendant initially spent time in state custody subject to a federal detainer, and he should get federal credit for that time. The court did not actually decide whether the defendant was entitled to more federal credit.

The B.O.P.'s reliance on *Willis* as the basis for opposing Richard's petition is misplaced, as it does not dictate whether Richard should receive pre-sentence custody credit for the time from March 7, 2007, to October 9, 2007—Section 3585(b) does. *Willis* allows Richard to receive credit from the date of his arrest until his state sentence commenced, and the BOP gave him credit for that time. But for the time in question, it is § 3585(b) which provides the rule that decides this case. That section only allows an inmate to receive credit for time spent in official detention "that has not been credited against another sentence." The time in question was credited against his sentence in Louisiana; therefore, he cannot receive pre-sentence custody credit for it.

IV.     **Recommendation**

The Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Bryan Richard's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE